UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY STEWART, JR., : NO. 1:09-CV-00887
:
    Plaintiff, :
:
        vs. : **OPINION AND ORDER**
:
MICHAEL J. ASTRUE, :
COMMISSIONER OF SOCIAL :
SECURITY :
:
    Defendant. :

    This matter is before the Court on the Magistrate Judge's May 25, 2010 Report and Recommendation (doc. 14), to which no party has filed an objection.

    The Magistrate Judge reported the background of this case as follows. Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and supplemental security income on December 16, 2009 (doc. 14). The Magistrate Judge's General Order Concerning Social Security Appeals was mailed to Plaintiff on December 22, 2009 and required Plaintiff to file a Statement of Specific Errors upon which Plaintiff seeks reversal or remand of Commissioner's decision within 45 days of service of the Answer and administrative report (Id.). Plaintiff has not responded to the Court's order to show cause and it also appears that Plaintiff did not notify the Court of a change in address (Id.). As such, the

Magistrate Judge recommended that Plaintiff's complaint be dismissed for lack of prosecution and failure to abide by a court order (Id.).

Having reviewed this matter, the Court finds Magistrate Judge's Report and Recommendation well-taken. District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. See Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980)(quoting Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (5th Cir. 1978); see also Coleman v. American Red Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement. . . or failure to comply with the pre-trial order." Carter, 636 F.2d at 161 (quoting J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Here, Plaintiff has failed to respond to the Court order

2

and failed to notify the Court of any change of address which could result in Plaintiff not receiving timely notice of the proceedings which could lead to dismissal of his case. See Buck v. United States Dep't of Agriculture, Farmer's Home Administration, 960 F.2d 603, 608-09 (6th Cir. 1992). Plaintiff has therefore failed to prosecute his claims against Defendants. Consequently, the Court finds appropriate the dismissal of Plaintiff's claims. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 14), DISMISSES Plaintiff's Complaint for lack of prosecution and failure to abide by a court order, and TERMINATES this case from the Court's docket.

SO ORDERED.

Dated: 7/15/10

S. Arthur Spiegel
United States Senior District Judge